## Wm. G. Henderson *v.* Allegheny Heating Co., Appellant.

*Negligence—Explosion of gas—Contributory negligence—Natural gas company.*

In an action against a natural gas company to recover damages for personal injuries suffered by an explosion in a building, it appeared that the building was not supplied with either natural or artificial gas, or with pipes for conducting the same. The defendant had two lines of pipe laid in the street in front of the building, the larger of which was used for general distribution, and the smaller for premises near the exploded building. The smaller pipe was within a few feet of the cellar wall of the building. Some months prior to the accident a sewer pipe was laid from the rear of the building through the cellar and out beneath the smaller gas pipe into a main sewer. The soil in the neighborhood was largely sand and gravel. The evidence showed that for a couple of weeks prior to the accident escaping gas had been detected in the immediate vicinity. The explosion occurred immediately after a trapdoor leading into the cellar of the building was opened; and soon afterwards, when the gas pipe immediately in front of the premises was uncovered, an old rusty break therein was discovered. The evidence as to whether the company had been notified of the escaping gas was conflicting. *Held,* (1) that the case was for the jury; (2) that a judgment and verdict for plaintiff should be sustained.

Argued Nov. 5, 1896. Appeal, No. 162, Oct. T., 1896, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T., 1895, No. 442, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before McCLUNG, J.

In addition to the facts stated in the opinion of the Supreme Court there was evidence which tended to show that the plaintiff had notified the defendant on February 9, 1895, that gas was escaping in the neighborhood of the building in which he was working, and which subsequently exploded.

Defendant's point and answer thereto were as follows:

1. That under all the evidence in the case, there can be no recovery by the plaintiff against the defendant. *Answer:* Refused.

Verdict and judgment for plaintiff for $1,550. Defendant appealed.

*Error assigned* was above instruction, quoting it.

*Wm. M. Hall, Jr.*, for appellant, cited as to negligence: Koelsch v. Phila. Co., 152 Pa. 355; Holly v. Boston Gas Light Co., 8 Gray, 123; Hutchinson v. Boston Gas Light Co., 122 Mass. 219; as to contributory negligence: Beittenmiller v. Bergner & Engel Brewing Co., 22 W. N. C. 33; Lanigan v. New York Gas Light Co., 71 N. Y. 29; Hunt v. Lowell Gas Light Co., 1 Allen, 343; Holly v. Boston Gas Light Co., 8 Gray, 123; Bartlett v. Boston Gas Light Co., 117 Mass. 533; Sherman v. Fall River Iron Works, 2 Allen, 524; Kibele v. Phila., 105 Pa. 41; Oil City Gas Co. v. Robinson, 99 Pa. 1; Richards v. Willard, 176 Pa. 181.

*James S. Young*, with him *S. U. Trent*, for appellee, cited, Koelsch v. Phila. Co., 152 Pa. 361; Oil City Gas Co. v. Robinson, 99 Pa. 1; Kibele v. Phila., 105 Pa. 41; Ottersbach v. Phila., 161 Pa. 111.

OPINION BY MR. CHIEF JUSTICE STERRETT, January 4, 1897 :

The question presented by the single specification of error in this case is whether the testimony relating to the defendant company's negligence, and the alleged contributory negligence of the plaintiff himself, was of such a character as to justify its submission to the jury. The learned trial judge, being of opinion that it was, refused the defendant's request for binding instructions, and submitted both questions to the jury in a very elaborate charge to which no exception was taken. In defending his action in thus ruling, a detailed review of the testimony is wholly unnecessary. A brief reference to the salient facts and the character of the evidence will be quite sufficient for the purpose.

The explosion which caused plaintiff's injury occurred February 27, 1895, in a tobacco and cigar manufactory on Ohio street in Allegheny City. The building was not supplied with either natural or artificial gas, or with pipes for conducting the same. The company defendant had two lines of pipe laid in the street in front of the building, one of which was an eight-inch pipe used for the general distribution of gas in that neighborhood, and the other a three-inch pipe used in supply-

ing gas to premises quite near the exploded building. This pipe passed within a few feet of the cellar wall of said building. Some months prior to the accident a sewer pipe was laid from the rear of the building through the cellar, and out beneath the smaller gas pipe, and thence into the main sewer in Ohio street. The soil in the neighborhood was composed largely of sand and gravel.

Plaintiff's theory of the explosion was that gas had been escaping from a break in the smaller pipe for some time, and passed through the loose soil until it reached the recently laid sewer pipe, and thence followed the same into the cellar where it had been accumulating until the explosion occurred. In support of this theory part of the evidence was to the effect that escaping gas had been detected at that point for a couple of weeks prior thereto. The explosion occurred immediately after the trap door leading to the cellar was opened; and soon thereafter, when the gas pipe immediately in front of the premises was uncovered, an old rusty break therein was discovered. It was also testified on behalf of the plaintiff that more than two weeks before the accident defendant company was notified of the presence of escaping gas in the neighborhood, but nothing was done in response thereto. It was denied that any such notice was given; and testimony in rebuttal of plaintiff's case generally was introduced by defendant.

Without further reference to the testimony introduced by the respective parties, it is sufficient to say it was more or less conflicting, and presented questions of fact which a jury alone could legally determine. It therefore follows that there was no error in refusing to charge " That under all the evidence in the case there can be no recovery by the plaintiff."

Judgment affirmed.